# EXHIBIT 1

# **REDACTED**

# STREAMLINE MODEL MANAGEMENT AGREEMENT

This Agreement made and entered into as of \_\_\_7-28-14_____and between \_\_\_Torin Verdone_____(for convenience hereinafter referred to as "Talent") and Streamline Model Management (for convenience hereinafter referred to as "Manager"). In consideration of the mutual covenants and conditions herein contained, the parties hereto agree as follows:

**FIRST: APPOINTMENT** – Talent here constitutes and appoints Manager the exclusive personal manager of Talent in PA, NJ and DE with respect of advising, counseling, promoting and contracting print and runway work, and Manager accepts such appointment upon the terms and provisions hereinafter stated (hereinafter, such activities are collectively referred to as "the Talent's services"). As and when requested by Talent during and throughout the term hereof, Manager agrees to perform for Talent one or more of the services as follows:

- Advise and counsel in the selection or consideration of career opportunities, photographers, advertisers and the selection or creation of vehicles for Talent's talents;
- Advise and counsel in any and all matters pertaining to advertising;
- Advise and counsel relative to the adoption of proper format of presentation of talent;
- Advise and counsel with regard to general practices in the modeling and advertising industries;
- Advise on personal appearance composites and the formation of a portfolio.

Manager accepts such appointment by Talent upon the terms and provisions hereinafter stated and coupled with an interest.

**SECOND: TERM –**
**Term & Termination.** The "Term" shall mean the period commencing on the Effective Date, The term of this agreement shall be for three (3) years. This Agreement will automatically renew for successive three (3) year periods on each anniversary of the Effective Date, unless Talent gives written notice to Streamline by certified or registered mail at least ninety (90) days prior to any anniversary of the Effective Date of Talent's intention to not renew the Term of this Agreement. The payment obligations incurred under this Agreement will survive the termination and expiration of the Term. This contract over rides any previous or existing contracts between model and Streamline Model Management.

**THIRD: POWER OF ATTORNEY** – Talent hereby authorizes and appoints Manager to be Talent's agent and attorney-in-fact to:

- Negotiate, renegotiate contract and execute for Talent, in the name of Talent, any and all agreements, documents and contracts for Talent's services in the fields covered by this agreement;
- Collect and receive sums payable to Talent, endorse Talent's name upon and deposit in Manager's account any and all checks payable to Talent and retain therefrom all sums owing to Manager; and

- Approve and permit the use of Talent's name, photograph, likeness and voice for the purposes of advertising, promotion, editorial, electronic and internet in any and all media or mediums requested.

The foregoing authority and agency granted in the power of attorney is coupled with an interest and shall be irrevocable during the term of this Agreement and any renewal of extension hereof.

**FOURTH: MANAGER'S FEE** – As a fee for Manager's services, hereunder, Talent agrees to pay Manager, a sum equal to twenty percent (20%) of any and all gross monies or other consideration received by Talent during or after the term or terms hereof, under or by reason of every engagement or contract covered by this Agreement now in existence or made or negotiated during the term or terms hereof. Manager shall be entitled to deduct its compensation from the gross earnings which it collects on behalf of the Talent. Manager shall be entitled to receive compensation pursuant thereto, including all reuse fees, modifications, additions, options, extensions, renewals, substitutions for, and replacement of such engagements or contracts, directly or indirectly. Talent acknowledges that Manager is entitled to receive a service charge and/or a fee from some and/or all of the persons, entities, bookings or similar managers that use the Talent's services. Talent agrees that this charge shall be additional inducement for the Manager to act on Talent's behalf and will not reduce the fee due to Manager. Talent agrees to submit all signed vouchers to the Manager in a timely manner before receiving payment. Without a voucher, Talent understands that he/she cannot be paid. Talent authorizes Manager to collect fees, commissions and debts from any subsequent Managers or third parties retained by Talent and understand that if Manager has collected such monies, Talent and the subsequent Manager will be liable for costs of collection.

**FIFTH: FILM AND TELEVISION** – Manager's compensation for services to be rendered under the jurisdiction of the Screen Actor's Guild, Inc. ("SAG"), the American Federation of Television and Radio Artists ("AFTRA") and Actor's Equity Association ("AEA") shall be ten percent (10%) of any and all gross monies or other consideration which Talent may receive from the rendering of such Services in the United States. Talent acknowledges that Manager is not a franchised agent or its equivalent of SAG, AFTRA or AEA and that Talent may be required to enter into a separate agency contract with such a franchised agent pursuant to which Talent will pay such agent a separate commission for Services rendered under the jurisdiction of SAG, AFTRA and AEA (which commission to such franchised agent will not be deducted from or offset against the compensation to Talent. With respect to similar Services outside the United States, Manager's commission shall be twenty percent (20%).

**SIXTH: COLLECTION** – Manager will take all reasonable steps to collect amounts due to Talent from Talent's clients in accordance with the terms of signed vouchers submitted by Talent to Manager. The risk of collection in connection with such vouchers, and the legal costs incidental thereto shall be borne entirely by Talent.

**SEVENTH: INDEPENDENT CONTRACTOR** – It is understood and agreed that the relationship between Manager and Talent is that of independent contractors, and not an employment relationship and that Manager is not an employment agent. In this connection, Manager has not promised to procure employment for Talent, and shall not be obliged to secure

or to attempt to secure the same hereunder.  Manager's services are not exclusive to Talent and Manager may at Manager's discretion, perform the same or similar services for other talent during the term of this Agreement, or any renewal or extension thereof.  It is understood that since Manager is employed by Talent, Manager will not provide Talent with coverage for Workers' Compensation, State Disability or State Unemployment.  It is further understood that Talent is responsible for all such coverage and that responsibility therefore has been assumed by Talent commencing as of the date Manager was first appointed as Manager of Talent.  Talent hereby releases and holds harmless Manager from any and all claims and/or responsibility with respect to Workers' Compensation, State Disability or State Unemployment coverage or benefits relating to Talent.

**EIGHTH:  PERMISSIONS** – Manager shall have the right and permission in respect to photographs taken of me to use, reuse, publish and republish the same in whole or in part, individually or in conjunction with other photographs and in conjunction with any printed matter, in any and all media now or hereafter known for the purpose of promoting Talent, Manager and Manager's subsidiaries, assigns, heirs, legal representatives and licensees for the duration of the Talent's career.

The Talent understands that any future usages or re-usages on original Streamline bookings will be billed by Streamline and the Talent will pay full commission to Streamline for the duration of the Talent's career.

**NINTH:  RESERVE ACCOUNT** – Talent acknowledges and agrees that Manager will have the right to deduct an amount equal to twenty percent (20%) of the income which Talent receives which Manager will deposit into a non-interest bearing reserve account for Talent.  The reserve account will not exceed Five Thousand Dollars ($5,000).  The funds in the reserve account will be used for payment to Manager for reimbursement of expenses, repayment of advances with respect to un-collectible accounts, and commissions due Manager.  Manager shall provide Talent with an accounting of the reserve account.  Upon the payment of all amounts owing to Manager and the termination of the relationship, Manager will disburse the funds remaining to the Talent.

**TENTH:  RIGHT TO ENTER AGREEMENT** - Talent hereby warrants that Talent has the right to make and enter into this Agreement and that Talent is not now under contract to any personal manager or agent or business agent or business manager with respect to Talent's services in the territory which is the subject of this Agreement.  During and after the term of this Agreement, Talent authorizes any other managers Talent may designate to pay Manager full commissions and repay any outstanding debts.

**ELEVENTH:  DISCUSSIONS** – Talent and Manager agree that they have had discussions concerning this written Agreement.  They understand that all the discussions and the hopes expressed in the discussions were merely preliminary negotiations and statements and promises made are not binding.  Promises by Talent to Manager or by Manager to Talent not contained in this Agreement shall be considered null and void, and as if they never existed.  This Agreement is the only Agreement of the parties and there is no collateral Agreement (oral or written)

between the parties in any manner relating to the subject matter hereof. This Agreement can be amended or modified only by an instrument in writing signed by both Talent and Manager.

**TWELFTH: REMEDIES** – Talent and Manager agree that Manager will be damaged by any breach by Talent of this Agreement and that such damages cannot be reasonably quantified or remedied by monetary damages. Accordingly, if Talent breaches this Agreement, Manager shall be entitled, in addition to any other remedies in law or equity, to an injunction without the posting of a bond or other security and Talent hereby consents to the issuance of an injunction in case of such a breach.

**THIRTEENTH: NOTICES** – All notices required under this Agreement shall be sent registered mail and addressed as entered below.

This Agreement shall be governed by, construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania. Wherefore, the parties hereto set their hands in Philadelphia, Pennsylvania, on the day and year first above written.

Talent: (Sign) _Javen Verdone_    Date: _7/28/14_

Address: _2120 Buchert Rd #141 Pottstown Pa. 19464_

Date of Birth: [redacted]

S.S. #: [redacted]

Parent or Guardian Name: (Print) _Lori Verdone_

Parent or Guardian Signature: _Lori Verdone_

Date: _7/28/14_

Manager: (Sign) _Joseph Mathews_    Date: _7/30/14_

Name: _Joseph Mathews_

Name/Title: _CeO/ Agency Director_

Address: _608 Darby Rd Ridley Park PA 19078_

-4-