**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **STREAMLINE MODEL MANAGEMENT INC** | : : : : | |
| *Plaintiff,* | : : | **JURY TRIAL DEMANDED** |
| v. | : : : | |
| **VNY MODEL MANAGEMENT INC.,** | : | **NO. 2:21-cv-04365-CMR** |
| *Defendant.* | : : : | |

## COMPLAINT

Plaintiff, Streamline Model Management Inc. ("Streamline"), through undersigned counsel, brings this Complaint against defendant VNY Model Management Inc. ("VNY") and, in support thereof, avers as follows:

### PRELIMINARY STATEMENT

1.      Streamline is engaged in the business of finding and placing talent in the runway, print and digital advertising spaces in the fashion industry. This is an action to collect outstanding commissions owed to Streamline by VNY pursuant to a written Mother Agent and Additional Agent Agreement (the "Mother Agent Agreement") in connection with the placement of model Torin X. Verdone ("Verdone"), to compel VNY to produce accurate and complete commissions reports as required by the Mother Agent Agreement, among other relief

2.      Streamline and VNY have maintained a long-standing business relationship whereby Streamline, a boutique Philadelphia-based talent agency, discovers models and brings them to VNY, a large New York modeling agency, to enhance the models' careers in New York City, the East Coast epicenter for the modeling industry.

3.      VNY's unlawful actions in the instant matter include: (i) failing to pay commissions and residuals earned by Streamline, (ii) breaching the Mother Agent Agreement to provide accurate and complete commissions reports for Verdone and (iii) interfering with Streamline's relationship with Verdone and others in the modeling industry.  These commissions are due and owing from VNY to Streamline (the "Earned Commissions").  Despite multiple demands, VNY has refused and continues to refuse to pay Streamline the Earned Commissions.

## THE PARTIES

4.      Streamline is a corporation organized and existing under the laws of the state of Delaware with an address of 608 Darby Road, Ridley Park, Pennsylvania 19078.

5.      VNY is a corporation organized and existing under the laws of the state of New York with an address of 928 Broadway, Suite 700, New York, New York 10010.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendant.

7.      Venue is proper in this District under 18 U.S.C. § 1391 because this District is where a substantial part of the events giving rise to this action have occurred and where the Mother Agent Agreement was formed and signed.

## FACTS

8.      Streamline is a Philadelphia-based boutique agency representing both male and female models operated by Joseph Matthews ("Matthews").

9.       VNY is a New York modeling agency founded by Lana Winters ("Winters") and Damian Tomczak ("Tomczak").

10.     Streamline frequently refers models to VNY in order to grow Streamline's

presence in the attractive New York media market, and to advance the careers of Streamline's

models.

11.     On July 28, 2014, Torin Verdone signed a Model Management Agreement with

Streamline Model Management.  A true and correct copy of this Agreement, with certain

personal identifying information redacted pursuant to Local Rule of Civil Procedure 5.1.3, is

attached hereto as Exhibit 1.

12.     Throughout 2014, Matthews worked closely with Verdone to develop his skill and

launch his career.

13.     On July 29, 2014, Matthews introduced Verdone to Michelle Lee, Casting

Director at Michelle Lee Casting.  Matthews' introduction of Verdone to Michelle Lee was in

order to connect Verdone to Nian Fish, Creative Producer for Calvin Klein, and to help establish

a relationship between Verdone and Calvin Klein.

14.     As Verdone's modeling career and relationship with Calvin Klein began to

blossom, Matthews referred Verdone to VNY in order to gain access to further modeling

opportunities in the New York market.

15.     On January 19, 2015, Streamline and VNY executed a Mother Agent and

Additional Agent Agreement (the "Mother Agent Agreement") for the placement of Verdone.  A

true and correct copy of which is attached hereto as Exhibit 2.  Under this Mother Agent

Agreement, Streamline retained VNY as its exclusive agent to assist and procure modeling

assignments for Verdone.

16.     VNY's obligations under the Agreement are clear.  VNY is required, *inter alia,* to inform Streamline of each and every one of Verdone's modeling and/or acting assignments and to pay a Mother Agency Commission to Streamline for each such assignment.  *See* Exhibit 2.

17.     More specifically, VNY agreed "to provide to [Streamline] a full itemization of all Modeling Assignments and Modeling for [Verdone] and all [Streamline] commissions due to [Streamline] within thirty (30) days of the end of each calendar quarter." *See* Exhibit 2.

18.     Subsequently, VNY would send Streamline a commission statement of Verdone's assignments (the "commission statements"), which Matthews would review, and then invoice to VNY for payment (the "invoices").

19.     Shortly after execution of the Mother Agent Agreement, on July 28, 2015, Agel Raya, Booking Director at VNY, sent Verdone an email. The email attached a photo from an upcoming Calvin Klein Jeans campaign featuring Verdone, a major national campaign.  A true and correct copy of which is attached hereto as Exhibit 3.  Upon receipt of this email and review of the commission statements, Matthews began to have concerns that VNY was withholding information and commission payments, as lucrative jobs were not reflected in the commission statements.

20.     By 2020, it became apparent VNY failed to meet its contractual obligations.  In an effort to subvert the Mother Agent Agreement, VNY did not inform Streamline of all of Verdone's modeling and/or acting assignments and appears to be concealing Verdone's assignments from Streamline to avoid paying commissions.

21.     The commission statements provided to Streamline by VNY are suspiciously low – atypical for a model as successful as Verdone, who during VNY and Streamline's relationship worked for some of the world's most valuable fashion brands including, Gap, Levi's, and Nike.

22.     In fact, Verdone's social media accounts reveal that he has worked on a large volume of modeling assignments that were never disclosed by VNY to Streamline.

23.     On July 13, 2020, Streamline sent VNY a written demand (the "Demand Letter") requesting a full itemization of all modeling assignments performed by Verdone, an accounting of all fees or commissions VNY received for those modeling assignments, and all commissions VNY paid to Streamline for those modeling assignments.  A true and correct copy of which is attached hereto as Exhibit 4.

24.     On August 4, 2020, in response to the Demand Letter, Tomczak emailed Matthews two commission statements, a commission statement for Streamline client Lauren Hall, and another commission statement for Verdone totaling $4,680.00 (the "August Commission Statement").  A true and correct copy attached hereto as Exhibit 5.

25.     The August Commission Statement identified jobs ranging from July 2019 to July 2020, well beyond the quarterly accountings mandated by the Mother Agent Agreement.

26.     Streamline's review of the August Commission Statement revealed that the August Commission Statement was not an accurate accounting of the work completed by Verdone.  The August Commission Statement failed to include the multitude of jobs that were apparent via a review of Verdone's Instagram page, @torin_verdone including work for brands such as Calvin Klein and Polo Ralph Lauren.

27.     On October 8, 2020, Streamline invoiced VNY for the August Commission Statement, accepting the $4,680.00 with a full reservation of rights, as Streamline believed this statement did not accurately reflect Verdone's volume of work. A true and correct copy of which is attached hereto as Exhibit 6.

28.     On November 24, 2020, Verdone blocked Matthews from viewing his Instagram page.  Upon information and belief, Verdone did so at the behest of VNY.

29.     On December 30, 2020, Streamline sent a subsequent demand letter (the "Second Demand Letter") to VNY.  A true and correct copy of which is attached hereto as Exhibit 7.

30.     The Second Demand Letter once again requested an accurate accounting of Verdone's assignments.  *See* Exhibit 7.

31.     The Second Demand Letter noted that a brief examination of Verdone's Instagram profile revealed that Verdone worked jobs in addition to those included in the August Commission Statement or those subsequently reported to Streamline. *See* Exhibit 7.  By way of example, this includes, but is not limited to, Tallia Clothing (September-October 2019), Maison Valentino (September 2019), Calvin Klein, Perry Ellis, and Polo Ralph Lauren.

32.     On January 15, 2021, Streamline sent a third demand letter (the "Third Demand Letter") to VNY.  A true and correct copy of which is attached hereto as Exhibit 8.

33.     The Third Demand Letter once again requested an accurate accounting of Verdone's assignments.  *See* Exhibit 8.

34.     The Third Demand Letter again noted that a brief examination of Verdone's Instagram profile revealed that Verdone worked jobs in addition to those included in the August Commission Statement or those subsequently reported to Streamline. *See* Exhibit 8.  By way of example, this includes, but is not limited to, Tallia Clothing (September-October 2019), Maison Valentino (September 2019), Calvin Klein, Perry Ellis, and Polo Ralph Lauren.

35.     Upon information and belief, Verdone has also worked jobs for Polo Ralph Lauren (8/20/20, 8/27/20, 10/12-10/15/20, 11/4-11/5/20, and 11/20-11/21/20), Nautica (9/5/20, and 11/23/20), Kohls (11/9/20), Politix Menswear Australia (8/26/20), and Alex Mill New York

(8/31/20) amongst others.  Streamline has received no commissions due and owing to it from these assignments, despite VNY's obligations under the Mother Agent Agreement

36.     Despite Streamline's demands, VNY failed to provide an accurate accounting or payment under the Mother Agent Agreement for Verdone's work.  There are significant discrepancies between what VNY is reporting in the commission statements and the volume of assignments Verdone is completing.

37.     Despite repeated requests, VNY failed to honor their contractual obligations, including "to provide to [Streamline] a full itemization of all Modeling Assignments and Modeling for [Verdone] and all [Streamline] commissions due to [Streamline] within thirty (30) days of the end of each calendar quarter." *See* Exhibit 2.

38.     Under the Mother Agent Agreement, VNY must provide Streamline with an accounting of all fees and/or commissions received for Verdone's modeling assignments, and an accounting of any residual fees collected as a result of such assignments.  Further, VNY must pay a Mother Agency Commission for Verdone's assignments.  *See* Exhibit 2.

39.     To date, VNY has never sent Streamline a completed jobs report, as they are obligated to do under the Mother Agent Agreement.

40.     As a result of Verdone's notoriety as a burgeoning young model, he has been receiving lucrative, highly coveted contracts with well-known brands in the fashion industry.

41.     To date, despite numerous requests, VNY has failed to provide Streamline with the contract terms between Verdone and the brands he is working with, including Calvin Klein, Polo Ralph Lauren, and others.

42.     The Earned Commissions are due and owing from VNY to Streamline pursuant to the Mother Agent Agreement.  *See* Exhibit 2.

43.     Upon information and belief, VNY has incorporated Verdone as a new entity in order to subvert the Mother Agent Agreement.

44.     Upon information and belief, VNY has undertaken efforts to conceal Verdone's ancillary and residual incomes from Streamline.

45.     In April of 2021, it was announced that Verdone would be the face of the launch of the Polo by Ralph Lauren Cologne campaign as the Global Brand Ambassador.  VNY has not contacted Streamline nor Matthews to inform them of this extremely lucrative assignment.

## VNY's Interference With Matthews' Contractual Relationships

46.     VNY's failure to copy Matthews on emails to Verdone was at the instruction of VNY, who aimed to isolate Verdone from Matthews.  This practice is a business strategy by VNY to remove the Mother Agent from communicating with their models.

47.     Upon information and belief, Alex Ramirez, Head Women's Booker at VNY, told Streamline models signed with VNY that he "did not like Mother Agents" in an effort to alienate these models from Streamline and Matthews.

48.     Upon information and belief, Agel Raya told an independent third party, Michelle Lee, to cease working with Streamline and Matthews if she wanted to continue to work with VNY, interfering with both Matthews' and Streamline's relationship with her.

49.     VNY would tell Streamline models negative things about both Streamline in an effort to alienate the Streamline models from Streamline.  VNY would tell Streamline models "you don't need him" in reference to Matthews.  Further, VNY would incessantly ask the models "what do you think of Joe?" in an effort to have them choose between Streamline and VNY.

50.     VNY would repeatedly ask Streamline model Onah Pleasants ("Pleasants") questions such as "do you like Joe as a manager?" and "do you think Joe is annoying or crazy?"

51.     Pleasants' relationship with Streamline and Matthews was damaged by the actions of VNY, as the entire VNY organization would badmouth Matthews to her.

52.     In April of 2021, VNY reached out to Pleasants asking her if she was still signed to Streamline.  Specifically, Alana Samuels ("Samuels"), Booker at VNY, sent Onah an Instagram message asking if she was still signed to Streamline.  However, Samuels "unsent" the DM, likely in fear of pending litigation.

53.     Morgan Calcara ("Calcara"), another Streamline model signed to VNY, also received incessant negative commentary from VNY about Streamline and Matthews.

54.     VNY would ask Calcara "how do you like working with Joe?" and made negative comments about him, asking "why are you with Streamline?"

55.     Colleen Cuthbertson, a Streamline model who VNY met with in hopes of signing her, was told by Winters that she "didn't need Joe" and Winters asked her "why are you with him" and "why do you have a Mother Agent?"

56.     Despite what was supposed to be a mutually beneficial arrangement, VNY decided to slander Streamline and Matthews in an effort to alienate the models and Mother Agent, thus making it easier to conceal their underreporting of commissions.

## COUNT I: BREACH OF CONTRACT

57.      Plaintiff incorporates all the foregoing paragraphs by reference as if set forth at length herein.

58.     As alleged herein, VNY and Streamline entered into a Mother Agent Agreement.

59.     VNY has materially breached its contract with Streamline by failing to pay its outstanding obligation, the Earned Commissions, and failing to provide a full itemization of all

modeling assignments, commissions, and jobs reports within thirty days of the end of each calendar quarter.

60.     Streamline has fully performed its obligations under the contract.

61.     As a direct and proximate result of VNY's breaches of contract, Plaintiff has and will continue to suffer damages.

62.     VNY has failed and/or refused to provide an accurate accounting of Verdone's assignments or pay the Earned Commissions.

**WHEREFORE,** Plaintiff demands judgment in its favor and against VNY for compensatory damages, including direct and consequential damages, together with interest, costs, and expenses and such further relief the Court deems proper under the circumstances.

## COUNT II: TORTIOUS INTERFERENCE

63.     Plaintiff incorporates all the foregoing paragraphs by reference as if set forth at length herein.

64.     VNY has intentionally and purposefully interfered with the Mother Agent Agreement and Plaintiff by, *inter alia*, (i) slandering Streamline to models signed with both VNY and Streamline, (ii) slandering Streamline to other professionals in the modeling industry, and (iii) encouraging and enticing models known to VNY to be under contract with Streamline, to breach their Streamline contract and leave Streamline so that VNY would no longer have to interact with Streamline.

65.     VNY's tortious interference with Streamline and Matthews is intentional and unjustified.

66.     As a direct and proximate result of VNY's tortious interference, Plaintiff has suffered damages in excess of $75,000.00.

**WHEREFORE,** Plaintiff demands judgment in its favor and against VNY for all compensatory damages, including direct and consequential damages, together with interest, costs, and expenses and such further relief the Court deems proper under the circumstances.

**COUNT III: UNJUST ENRICHMENT**

67.     Plaintiff incorporates all the foregoing paragraphs by reference as if set forth at length herein.

68.     VNY has received the benefits of the Mother Agent Agreement provided to it by Verdone and Streamline.

69.     Under the Mother Agent Agreement, VNY has received the benefit of a successful model with a lucrative and developing career.

70.     Despite acknowledging Plaintiff's right to receive payment, VNY has unjustly retained the monies presently due and owing to Plaintiff, the Earned Commissions.

71.     Against the foregoing, VNY has been unjustly enriched at the expense of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in its favor and against VNY for all compensatory damages, including direct and consequential damages, together with interest, costs, and expenses and such further relief the Court deems proper under the circumstances.

Respectfully submitted,

**BRAVERMAN KASKEY GARBER, P.C.**

Dated: October 6, 2021          BY:     _/s/ David L. Braverman_
                                        DAVID L. BRAVERMAN, ESQUIRE
                                        One Liberty Place - 56th Floor
                                        1650 Market Street
                                        Philadelphia, PA 19103
                                        Telephone: (215) 575-3800
                                        Facsimile: (215) 575-3801

braver@braverlaw.com
*Attorneys for Plaintiff*