# EXHIBIT 2

**BRAVERMAN KASKEY GARBER PC**
DAVID L. BRAVERMAN, ESQUIRE
KEVIN W. BURDETT, ESQUIRE
One Liberty Place – 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
braver@braverlaw.com
burdett@braverlaw.com                                              *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STREAMLINE MODEL MANAGEMENT INC.**, <br><br>   *Plaintiff*, <br><br>   v. <br><br> **VNY MODEL MANAGEMENT INC.**, <br><br>   *Defendant*. | **NO. 2:21-cv-05041-JMY** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Streamline Model Management Inc. ("Streamline" or "Plaintiff"), through undersigned counsel, hereby propounds the following First Set of Interrogatories upon Defendant VNY Model Management Inc., with written, verified answers to be provided within thirty (30) days after service hereof, at the office of Braverman Kaskey Garber, PC, One Liberty Place, 1650 Market Street, 56th Floor, Philadelphia, Pennsylvania 19103.

**DEFINITIONS**

The following definitions are applicable to, and incorporated by reference into, each Document Request:

1

1. "You", "Your" (upper or lower case) and/or "Defendant" shall mean Defendant VNY Model Management Inc. and any present and former agents, divisions, subsidiaries, successors and assigns, officers, directors, employees, investigators, consultants, advisors, accountants, attorneys, agents, adjusters, and any and all other persons or entities acting on its behalf.

2. "Streamline" or "Plaintiff shall mean Plaintiff Streamline Model Management, Inc. and any present and former agents, divisions, subsidiaries, successors and assigns, officers, directors, employees, investigators, consultants, advisors, accountants, attorneys, agents, adjusters, and any and all other persons or entities acting on its behalf.

3. "Torin Verdone, Inc." shall mean Torin Verdone, Inc. and any present and former agents, divisions, subsidiaries, successors and assigns, officers, directors, employees, investigators, consultants, advisors, accountants, attorneys, agents, adjusters, and any and all other persons or entities acting on its behalf.

4. "Communication" means any writing or recording of any oral conversation, of any kind or character, including, by way of example and without limitation, personal conversations, direct messages over social media platforms, telephone conversations, letters, meetings, memoranda, emails, text messages, telegraphic and telex communications and transmittals of documents and all notes or other documents concerning such writing or such oral conversation.

5. "Document" or "documents" means any and all written, electronic, recorded or graphic material (however produced or reproduced), social media postings, tapes or other sound or data recordings, and all other tangible objects including but not limited to booklets, procedures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements,

photographs, agendas, receipts, minutes, memoranda, written instructions, messages, appraisals, analyses, reports, plans, evaluations, financial calculations and presentations, diary entries, time sheets, calendars, phone logs, visitor logs, telephone message slips, correspondence, telegrams, press releases, advertisements, notes, handwritten notes, transcripts, working papers, drawings, schedules, tabulations and projections, blueprints, diagrams, drawings, sketches, pictures, models, plans, specifications, details, photographs, surveys, studies, graphs, charts, films, videotapes, microfiche, printouts, electronic mail messages (or printouts thereof), all other data whether recorded by electronic or any other means, and including drafts of any of the foregoing and any other data in your possession, custody or control, including items that are electronically or physically in storage anywhere.  "Document" includes, but is not limited to, any electronically stored data or paper document.  This includes, but is not limited to, electronically stored data on social media platforms, magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any electronic files saved as a backup, any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and or RAM slack] or residual data left on the hard drive after new data has overwritten some, but not all, previously stored data) .  If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such copy is deemed non-identical and is to be considered a separate document and must be produced.  Documents shall be construed to include all drafts

of any material.

    a. Without limiting the generality of the foregoing definition, but for purposes of illustration only, "document(s)" shall also include all electronically stored information, produced in its **native format**, including, but not limited to, computer files and programs, software, databases, desktops, laptops, servers, backup data, embedded data, deleted information, "cookie" files, images, e-mails and attachments, copy and blind copy e-mails, instant messages, internet cache files, internet data, internet service providers, intranets, hardware, drives, hard drives, internal hard drives, external hard drives, flash drives, removable discs including floppy discs, CDs and DVDs, Zip cartridges, memory sticks and flash media, recordings, cassettes, tapes, audio systems, audiotapes and discs, videotapes, handheld wireless devices, cell phone memory and images, voice mail, PDAs, fax machines, word processing, spreadsheets, presentations, as well as any other electronic file stored on any electronic device or any electronic filed created or maintained by computer software;

    b. Without limiting the generality of the foregoing definition, but for purposes of illustration only, "document(s)" shall also include **all metadata and hidden data**, **produced in its native format**, relating to any document as defined herein, including, but not limited to, metadata maintained by an application program, operating system or other program; and shall include for such "document(s)" the author name and/or initials, company and/or organization name, names of previous document authors, document revisions and versions, hidden text or cells, template information, other file properties and summary information, nonvisible or

embedded objects, personalized views and comments, the dates and times associated with the creation, modification and last access to the electronically stored information, and the computer or server name and path upon which the electronically stored information was located.

6. "All documents" shall mean every document, as defined above, which can be located, discovered or obtained by reasonably diligent efforts including, without limitation, all documents possessed by you or any other person or entity from whom you can obtain such documents by request or which you have a legal right to bring within your possession by demand.

7. "Person" or "Persons" or "Entity" shall mean all natural persons, corporations, organizations, partnerships, firms, proprietorships, joint ventures, boards, authorities, commissions, agencies or other business or non-business associations, and all other legal entities, including all members, owners, principals, directors, officers, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

8. "Describe" or "state" shall mean to set forth fully and unambiguously every fact, omission, conduct, event, transaction, meeting, communication, conversation, or occasion about which you have knowledge or information concerning the subject of the request including, but not limited to, the following:

    a. The date of each such event;

    b. The geographical location of each such event;

    c. Each person present, connected with, or with knowledge of such event;

    d. The substance of each oral statement by all persons present;

    e. All documents which concern, refer to, reflect, set forth, or mention such events;

and

    f.    The purpose, substance and results of such event.

9.    The terms "identify" or "identity," when used in reference to:

    a.    an <u>individual</u> means to give the person's full name, all known aliases, the present or the last know business and home address, present position or business affiliation, and position or business affiliation at all times during the time period covered by the complaint;

    b.    <u>any other person, organization or entity</u> means to give the person's official, legal and former name or the name under which the person acts or conducts business, the address of the person's place of business, profession, commerce or home, and the identity of the person's principal or chief executive officer or person who occupies the position most closely analogous to a chief executive;

    c.    a <u>document</u> means to describe specifically the "document," its date, its author (and, if different, the signor or signors), type of document (e.g., "letter"), each addressee and known recipient, its present or last known location and custodian, the manner and date of its disposition, if any such "document" was, but is no longer, in your possession or subject to your control, and any other means of identifying it with sufficient particularity to satisfy the requirements for its inclusion in a demand or request for its production, and

    d.    a <u>communication</u> means to identify the pertinent "document" or "documents," if the communication is written, or to identify the participants and set forth the date, manner, place and substance of the communication if it is non-written.

10.    "Any," as used herein, shall mean any and all.

11.    "Relating to," means, without limitation, relating to, constituting, containing, showing, reflecting, discussing, concerning, commenting upon, mentioning, evidencing, quoting,

describing, or referencing in any way, directly or indirectly.

12. The "Complaint" shall mean the Amended Complaint filed by Plaintiff in this action on October 6, 2021.

13. The "Answer" shall mean Defendant's Answer to Plaintiff's Amended Complaint with Affirmative Defenses filed in this action on January 7, 2022.

14. The "Mother Agent Agreement" shall mean the Streamline Model Management Inc Mother Agent and Additional Agent Agreement dated January 19, 2015 between Streamline Model Management Inc. and VNY Model Management attached the Complaint as 2.

15. "Modeling Services" shall mean, without limitation, performing at and attending photoshoots, videoshoots, runway shows, and event appearances; providing the use of a natural person's name, image or likeness in print advertisements including, but not limited to, advertisements in magazines, newspapers, mailers, and mailing inserts; providing the use of a natural person's name, image or likeness in digital advertisements including, but not limited to, e-mail, mobile, web-advertising, and social media advertising; providing the use of a natural person's name, image, or likeness in photos, video, for displays on the internet including, but not limited to, displays on social media and websites; providing the use of a natural person's name, image, or likeness for in-store displays, materials at point of purchase; providing the use of a natural person's name, image, or likeness in outdoor advertising including, but not limited to, use on billboards, kiosks, and public transit; providing the use of a natural person's name, image or likeness in internal company materials such as sales training materials, public relations kits, and press kits; and providing the use of a natural person's name, image or likeness in product packaging and packaging inserts.

## **INSTRUCTIONS**

1.      All interrogatories are to be answered separately and under oath.

2.      In responding to these discovery requests, you are required to furnish all information available to you, including, but not limited to, information in the possession or control of your attorneys, business partners, experts, advisors, agents, associates, or any other person over whom you have control.

3.      To the extent any information called for by these discovery requests is unknown to you, so state, and set forth such remaining information as is known.  If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

4.      If you claim the attorney-client privilege, or any other privilege, with respect to any discovery request herein, you shall identify the subject matter of the information, the specific basis on which the privilege is claimed, and any other facts necessary to permit a court to determine whether or not the claim of privilege is proper.

5.      Unless otherwise specified, each discovery request covers the period through that date upon which the responses to these discovery requests are served.  Each of these discovery requests is continuing in nature.  If any information sought by these discovery requests is not learned or ascertained until after the discovery requests are answered, or if answers, for any reason, should later become incorrect or incomplete, there is a continuing duty to supplement or change responses previously submitted.

6. The space provided for your response is not intended to limit your response. If additional space is necessary in order to complete your response, you should insert any additional page or additional pages as you deem necessary.

7. The use of past, present or future tense shall be construed to cover and include all time periods relevant to this case, regardless of which tense is used.

8. If you think that any word or request contained in this set of requests is ambiguous, you are instructed to set forth each meaning which you think is possible and answer the request according to each meaning.

9. If you think that any word or request contained in this set of requests is vague, you are instructed to explain the vagueness and select any reasonable interpretation thereof and answer the request according to your reasonable interpretation.

## INTERROGATORIES

1. For the time period of January 19, 2015 until the present, identify each of Torin Verdone's modeling and/or acting assignments.

**RESPONSE:**

2. For each modeling and/or acting assignment identified above, identify the following:

    a. The date of the assignment;

    b. The nature of the assignment;

    c. Any contracts relating to the assignment;

    d. The manner the assignment was promoted on social media, including, but not limited to, if the assignment was promoted using Torin Verdone's Instagram account, "@torin_verdone".

    e. The date you informed Streamline of the assignment;

    f. The commissions due to the Streamline for the assignment;

    g. The date you provided an itemization to Streamline that included the assignment;

    h. The date you received an invoice from Streamline for the assignment;

    i. The date you paid Streamline for the assignment; and

    j. All documents that you have relied upon in your response.

**RESPONSE:**

3. Do you contend that the Streamline Model Management Agreement between Streamline and Torin Verdone and attached to the Complaint as Exhibit 1, is not binding upon Torin Verdone? If so, identify all facts you intend to rely on to support your contention.

**RESPONSE:**

4. Do you contend that the Streamline Model Management Agreement between Streamline and Torin Verdone and attached to the Complaint as Exhibit 1, has been terminated? If so, identify all facts you intend to rely on to support your contention.

**RESPONSE:**

5. Identify all facts upon which you rely to support your contention that "no contract existed between the parties once Torin reached the age of legal majority" as alleged in your Affirmative Defenses in your answer.

**RESPONSE:**

6. For the time period of January 19, 2015 until the present, has Torin Verdone Inc. entered into any contract for the performance of Modeling Services or otherwise booked any jobs for Modeling Services? If so, identify each contract/job, including the date of the contract/job and the commissions owed to Torin Verdone Inc.

**RESPONSE:**

7. Identify the relationship between Defendant and Torin Verdone Inc. and any documents and communications evidencing that relationship.

**RESPONSE:**

8. For the time period of July 29, 2014 and until the present, identify all communications with Michelle Lee relating to Streamline.

**RESPONSE:**

9. For the time period of January 15, 2015 and until the present, identify all communications with any model represented by Streamline pursuant to a mother agency agreement between Streamline and Defendant, excluding Torin Verdone.

**RESPONSE:**

10. Do you have any control or access to the Instagram account "@torin_verdone"? If so, identify the nature of your control or access, when such control or access was granted to you, who granted you control or access to your account, and what content you posted to the account. For the purposes of this interrogatory, content shall be construed in the broadest possible construction, including, but not limited to, posts, likes, stories, pictures, comments, direct messages, and any other possible functions in Instagram.

**RESPONSE:**

11. Identify all facts, documents, and communications that you claim support your allegations and Affirmative Defenses in the Answer.

**RESPONSE:**

12. Identify all persons who have or are believed to have knowledge related to the subject matter of or the factual basis for the claims in this action or any defenses thereto or knowledge of facts believed by you to be relevant to this action, specifically identifying the subjects of such knowledge for each such person.

**RESPONSE:**

13. Identify all persons whom you intend to call as witnesses, other than experts, at the trial of this litigation and, for each person so identified, state the subject matter of his or her testimony and identify all documents that they will rely upon or refer to in connection with their testimony.

**RESPONSE:**

14. Identify all experts whom you intend to call as a witness and describe the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

15. If you claim that Plaintiff or any representative, employer, member, partner, or agent of plaintiff made any admissions as to the subject matter of this lawsuit state: (a) The date made; (b) The name of the person by whom made; (c) The name and address of the person to whom made; (d) Where made; (e) The name and address of each person present at the time the admission was made; (f) The contents of the admission; and (g) If in writing, attach a copy.

**RESPONSE:**

16.     If you have obtained a statement from any person not a party to this action, state: (a) The name and present address of the person who gave the statement; (b) Whether the statement was oral or in writing and if in writing attach a copy; (c) The date the statement was obtained; (d) If such statement was oral, whether a recording was made, and if so, the nature of the recording and the name and present address of the person who has custody of it; (e) If the statement was written, whether it was signed by the person making it (f) The name and address of the person who obtained the statement; and (g) If the statement was oral, a detailed summary of its contents.

**RESPONSE:**

 

**BRAVERMAN KASKEY GARBER PC**

Dated: April 11, 2022          BY:     */s/ David L. Braverman*
                                       DAVID L. BRAVERMAN, ESQ.
                                       KEVIN W. BURDETT, ESQ.
                                       braver@braverlaw.com
                                       burdett@braverlaw.com
                                       *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 11th day of April, 2022, a true and accurate copy of the foregoing interrogatories was sent via email and regular mail to the following counsel:

Gerald J. Mullaney, Jr., Esq.
Edward M. Galang, Esq.
MULLANEY & MULLANEY, LLC
3881 Skippack Pike
Skippack, PA 19474
mullaneyg@mullaneylaw.com
egalang@mullaneylaw.com

                                                    /s/ *Kevin W. Burdett*
                                                    Kevin W. Burdett