UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STREAMLINE MODEL MANAGEMENT INC.** : | |
| : | |
| *Plaintiff,* : | **JURY TRIAL DEMANDED** |
| : | |
| v. : | |
| : | |
| **VNY MODEL MANAGEMENT INC.** : | **NO. 2:21-cv-04365-CMR** |
| : | |
| *Defendant.* : | |
| : | |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL DISCOVERY, IMPOSE SANCTIONS,
AND MODIFY THE SCHEDULING ORDER

Plaintiff Streamline Model Management, Inc. ("Streamline"), through undersigned counsel, respectfully files this memorandum of law in support of its Motion to Compel Discovery, Impose Sanctions, and to Extend Discovery (the "Motion") seeking an order compelling Defendant VNY Model Management, Inc. ("VNY") to produce full and complete discovery responses, imposing sanctions on VNY for its failure to comply with Judge Wells' June 3, 2022 Order, and to extend the July 15, 2022 fact discovery deadline due to VNY's discovery misconduct.

**I.    BACKGROUND**

Streamline and VNY are each talent and modeling agencies. Streamline is based in Philadelphia and VNY is based in New York City. On occasion, Streamline has brought models to VNY in order to enhance that model's career and afford the model the opportunities that New York City has to offer. For each model, Streamline and VNY enter into a written agreement,

1

called a Mother Agent and Additional Agent Agreement, pursuant to which VNY is required to pay to Streamline a percentage of all commissions earned by that model.

This dispute concerns, *inter alia*, Streamline's placement of model Torin Verdone ("Verdone") with VNY.  On January 19, 2015, Streamline and VNY executed a Mother Agent and Additional Agent Agreement for Verdone (the "Mother Agent Agreement"). Pursuant to the Mother Agent Agreement, VNY is required to "provide to [Streamline] a full itemization of all Modeling Assignments and Modeling for [Verdone] and all [Streamline] commissions due to [Streamline] within thirty (3) days of the end of each calendar quarter."  *See* Exhibit 2 attached to the Amended Complaint, ECF No. 3.

As Verdone's career took off (including booking a major national campaign for Calvin Klein Jeans), it became apparent that VNY was underreporting Verdone's earnings (in addition to other models that Streamline had placed with VNY) in an effort to avoid paying to Streamline commissions.  VNY also ceased to provide quarterly commissions statements and failed to adequately respond to Streamline demand letters for the same.

In addition, it became clear that VNY was attempting to interfere with Streamline's relationship with Verdone and the other models.  VNY's employees regularly encouraged these models to break with Streamline and threatened their career prospects if they remained with Streamline, their "mother agent."

On October 4, 2021, Streamline filed its complaint, initiating this matter and alleging claims against VNY for breach of contract (for VNY's breach of the mother agent agreements),

tortious interference (for VNY's interference with Streamline's contractual relationships), and for unjust enrichment (in the alternative).[1]

On April 11, 2022, Streamline served its First Set of Requests for the Production of Documents to Defendants (the "Document Requests") and its First Set of Interrogatories to Defendants (the "Interrogatories").  True and correct copies of the Document Request and the Interrogatories are attached hereto as **Exhibits 1** and **2**, respectively.

VNY's responses were due on May 11, 2022. However, VNY failed to provide responses by that date.

On May 19, 2022, upon a joint request from the parties, the Court entered an order extending the deadline for fact discovery to July 15, 2022, in part, because VNY needed "additional time to respond to Streamline's discovery requests and locate and produce responsive documents…" *See* Stipulation and Order, ECF No. 22.

Pursuant to the Court's order, on May 26, 2022, the parties appeared before Magistrate Judge Carol Sandra Moore Wells for a settlement conference.  However, VNY **still** had not provided any responses to discovery, despite VNY's demand.

Accordingly, on May 31, 2022, Judge Wells entered an order scheduling a follow-up settlement conference on June 3, 2022.  *See* Order, ECF No. 24.

On June 2, 2022, the night before the rescheduled settlement conference, VNY provided a partial document production and responses to the Interrogatories.  *See* June 2, 2022 Email from Edward M. Galang, Esq. to Kevin W. Burdett, Esq., attached hereto as **Exhibit 3**, and VNY's

---

[1] Streamline's original complaint was stricken for a redaction error. Streamline filed its Amended Complaint, correcting the error on October 6, 2021. *See* ECF No. 3.

Responses to the Interrogatories, attached hereto as **Exhibit 4**. VNY did not serve a written response to the Document Requests.

VNY's document production was limited to invoices prepared by VNY relating to Verdone's modeling services, form MISC-1099s prepared for Verdone, Verdone's 2016 and 2021 agency contracts with VNY, and a spreadsheet purportedly indicating all jobs worked by Verdone and the commissions owed to Streamline.

As VNY's production was obviously deficient, the parties agreed to reschedule the settlement conference in order to give VNY time to produce additional documents. On June 3, 2022, Judge Wells entered the following order:

> AND NOW, this 3rd day of June 2022, after conference with the parties, it is ordered by agreement, that on or before Friday June 17, 2022, Damian Tonczak [of VNY] shall provide all requested invoices, 1099's and other requested evidence of monies paid or promised to Defendant on behalf of model Verdone. If no additional responsive documents exist, defendant shall so indicate and indicate efforts made to produce same…

*See* Order, ECF No. 26.

That same day, counsel for Streamline emailed counsel for VNY identifying all "requested evidence" and the other deficiencies in VNY's production. *See* June 3, 2022 Email from Kevin W. Burdett, Esq. to Edward M. Galang, Esq., attached hereto as **Exhibit 5**.

VNY failed to produce a single document (or otherwise indicate that no documents exist) by the June 17, 2022 deadline.

Instead, on June 20, 2022, counsel for VNY emailed counsel for Streamline the following message:

> We confirmed with Damian Tomczak that he has no additional documents responsive to items referenced in Judge Wells' June 3, 2022 Order. Mr. Tomczak reviewed the court's Order and we inquired if there was anything else in VNY's possession that can be produced concerning Torin Verdone. As you know, we

4

>     produced invoices, 1099's and evidence related to 199 modeling jobs for Torin Verdone.

*See* June 20, 2022 email from Edward M. Galang, Esq. to Kevin W. Burdett, Esq., attached hereto as **Exhibit 6**.

To date, VNY has not provided a written response to the Document Requests.

## II. ARGUMENT

### A. The Court Should Compel VNY to Respond Fully to Streamline's Written Discovery

#### 1. *VNY's Failure to Respond to the Document Requests*

Pursuant to Federal Rule of Civil Procedure 34, a party to whom document requests are directed "**must respond in writing within 30 days after being served…**" Fed. R. Civ. P. 34(b)(2)(A) (emphasis added). Further, each response must state the following:

> For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. **The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.**

Fed. R. Civ. P. 34(b)(2)(B) (emphasis added).

Furthermore, "[i]t is well settled in this district that when a party fails to respond to discovery requests in the time specified by the Federal Rules of Civil Procedure, **the failure to respond will be considered a waiver by that party of any objections that they may have had.**" *Blue Anchor, Inc. v. S. Seas Shipping Co.*, 1985 U.S. Dist. LEXIS 21003, at *4 (E.D. Pa. Apr. 5, 1985) (emphasis added). "If discovery rules are to have any effect or meaning, the failure to serve such objections within the time prescribed should be considered a waiver of such objections." *Id.* (internal citation omitted). *See also Shenker v. Sportelli*, 83 F.R.D. 365, 366 (E.D. Pa. 1979) ("It is equally obvious that the failure to abide by the discovery procedures

5

outlined in the Rules thwarts the policy of the Rules, as expressed in Fed. R. Civ. P. 1, that seeks the 'just, speedy, and inexpensive determination of every action.'").

The Court may enter an order compelling production "if a party fails to produce documents or fails to respond that inspection will be permitted…as requested under Rule 34." *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

Here, VNY has failed to comply with Rule 34 and has not served a written response to the Document Requests. Thus, it has waived all objections and has no basis to withhold the production of any responsive document in its possession.

Moreover, VNY's June 2, 2022 document production does not excuse its failure to provide a written response. At the outset, VNY's document production was limited and did not come close to providing responsive documents to all of Streamline's requests. VNY did not produce a single email communication, a single document related to any of the other models at issue, a single contract with any of the brands showing the commissions that VNY received for the models at issue, or even any documents which would support its defenses. *See e.g.,* Ex. 5 (specifically identifying the missing categories of documents). These are documents which are unquestionably in VNY's possession and which VNY has either not searched for or has simply refused to produce.

Even if its document production was sufficient, it does not excuse VNY's failure to comply with the Rules of Civil Procedure. Without a written response, Streamline cannot know which requests VNY chose to respond to, whether VNY is withholding documents based on an objection, what efforts VNY took to search for documents, or if there are no responsive documents in VNY's possession.

Thus, the Court should enter an order compelling VNY's response to the Requests for Production and produce all responsive documents in its possession.

    *2. VNY's Deficient Responses to the Interrogatories*

Federal Rule of Civil Procedure 37(a) authorizes a party to file a motion to compel where it has received evasive or incomplete responses to interrogatories. *See, e.g., MAJA Food Tech., Inc. v. Dantech UK, Ltd.*, 2019 WL 2504077, at *1 (E.D. Pa. June 13, 2019). Pursuant to Federal Rule of Civil Procedure 33(a)(2), "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)," i.e., "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Moreover, "the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. **On the contrary, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.**" *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (internal citations omitted) (emphasis added).

Here, VNY has refused to answer Interrogatories Nos. 8-9 and has objected that each is "overly broad and unduly burdensome." *See* Ex. 4. Each interrogatory requests that VNY identify its communications with third parties about Streamline. Such requests relate to Streamline's tortious interference claim as it would tend to show that VNY is attempting to poison Streamline's contractual relationships. However, VNY has baldly objected that each is

"overly broad and unduly burdensome" and has refused to provide any response or identify a single communication. VNY's objection offers no specifics, is without merit, and VNY should be ordered to answer the Interrogatories.

Similarly, while a party may rely on Rule 33(d) to produce business records in lieu of provided an answer, that party is still required to "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). Rule 33(d) cannot be utilized unless "the burden of deriving or ascertaining the answer will be substantially the same for either party." *Id.* Courts have sanctioned parties for merely referring the interrogating party to a mass of business records in lieu of answering. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 823 (3d Cir. 1982) (affirming the District Court's imposition of sanctions because "directing the interrogating party to a mass of business records…[is] an abuse of [Rule 33(d)].").

Here, VNY has answered that Interrogatory Nos. 1-7 and 11 with the phrase "See attached documentation." This response is patently deficient, especially considering that VNY's document production itself was insufficient. Moreover, the extent that VNY is relying on Rule 33(d), VNY has failed to specify the records which would answer each interrogatory. VNY cannot shift their discovery burden onto Streamline with a vague reference to an incomplete document production. VNY clearly intends to evade a substantive answer and VNY should be made to substantively answer them.

### B. The Court Should Impose Sanctions Upon VNY for Its Failure to Respond to Streamline's Document Requests and Its Failure to Comply with Judge Wells' June 3, 2022 Order

Pursuant to Federal Rule of Civil Procedure 37, the Court may impose sanctions where a party fails to serve its answers, objections, or written response to document requests or where a

party fails to comply with a court order. *See* Fed. R. Civ. P. 37(d)(1)(A)(ii) and (b). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed R. Civ. P. 37(d)(3) (emphasis added).

Here, VNY should be sanctioned for its failure to provide a written response to Streamline's Document Requests, as discussed above.

Moreover, VNY should be sanctioned for its disregard the plain terms of Judge Wells' June 3, 2022 Order. VNY was required to produce "invoices, 1099's and **other requested evidence** of monies paid or promised to Defendant on behalf of model Verdone" by June 17, 2022. *See* Order, ECF No. 26 (emphasis added). Streamline's counsel requested evidence that same day. Not only did VNY fail to adhere to the Court-ordered deadline, but it failed to search for or produce **any** of the requested evidence.

While VNY did claim that there were no responsive documents in its possession (three days after the Court-ordered deadline), this response was intentionally worded to be evasive. Counsel for VNY wrote that Mr. Tomczak merely "reviewed the court's Order" before confirming that there were no additional documents. *See* Ex. 6. The email intentionally ignores the requirement that Mr. Tomczak produce requested documents or the list of documents that Streamline's counsel requested. *See* Ex. 5. VNY's employees have emails, other communications, contracts, and other documents in their possession that evidence the amounts paid to VNY for Verdone and the amounts owed to Streamline. VNY has simply refused to produce those documents, despite Judge Wells' Order.

9

The Court should note VNY's repeated dilatory behavior and bad faith conduct regarding evidence of what Streamline is owed for Verdone's modeling services. At the outset, pursuant to the Mother Agent Agreement, VNY should have been providing this information every quarter, but it failed to do so. VNY should have provided responses to Streamline's discovery requests (and other documents) by May 11, 2022, but it failed to do so. VNY should have provided evidence prior to the May 26, 2022 Settlement Conference in front of Judge Wells, but it failed to do so.[2] VNY should have provided the missing documentation requested by counsel by June 17, 2022, but it failed to do so. VNY cannot keep ignoring its obligations and sanctions are warranted to compel its participation in this litigation.

The Court should sanction VNY for each day until VNY complies with its discovery obligations and Judge Wells' Order. In addition, the Court must award Streamline reasonable attorneys' fees for the costs incurred in preparing this motion as well as the costs incurred appearing for settlement conferences that were doomed to fail without VNY's participation in discovery.

### C. The Court Should Extend the Fact Discovery Deadline

Pursuant to the May 19, 2022 Stipulation and Order, the deadline for fact discovery was extended to July 15, 2022 while preserving all other dates and deadlines set forth in the Court's Scheduling Order. *See* Stipulation and Order, ECF No. 22. However, due to VNY's dilatory conduct outlined above, Streamline respectfully requests additional time to complete fact discovery and a commensurate extension of all other dates and deadlines in the Scheduling

---

[2] VNY acknowledged the need for the completion of substantial fact discovery prior to mediation in front of Judge Wells. *See* Defendant's Report Regarding Alternative Dispute Resolution, ECF No. 18-3 ("Defendant is in agreement with Plaintiff in pursuing alternative dispute resolution through a settlement conference before a Magistrate Judge and shall be prepared to commence said proceedings after substantial fact discovery has been completed.").

Order. Streamline needs additional time to first receive VNY's outstanding document production and then be able to take VNY's deposition. Accordingly, Streamline respectfully requests a reasonable extension of time to all dates and deadlines set forth in the Scheduling Order.

### III. CONCLUSION

For the foregoing reasons, Streamline respectfully requests that the Court grant the Motion.

**BRAVERMAN KASKEY GARBER PC**

Dated: June 30, 2022  BY**:** */s/ Kevin W. Burdett*
DAVID L. BRAVERMAN, ESQUIRE
KEVIN W. BURDETT, ESQUIRE
One Liberty Place – 56th Floor
1650 Market St.
Philadelphia, PA 19103
Telephone: (215) 575-3800
burdett@braverlaw.com
braver@braverlaw.com
*Attorneys for Plaintiff*