IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STREAMLINE MODEL MANAGEMENT, INC. | : | |
| | : | NO. 2:21-cv-04365-CMR |
| v. | : | |
| | : | |
| VNY MODEL MANAGEMENT, INC. | : | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY, IMPOSE SANCTIONS AND MODIFY THE SCHEDULING ORDER**

Defendant, VNY Model Management, Inc., by and through counsel, Mullaney & Mullaney, LLC, hereby submits this Memorandum of Law in Support of their Response to Plaintiff's Motion to Compel Discovery, Impose Sanctions and Modify Scheduling Order as follows:

**I. FACTUAL BACKGROUND**

This is a breach of contract case involving two model management agencies. Plaintiff's primary claim involves the modeling contract with model Torin Verdone. On July 28, 2014, Lori Verdone, Torin Verdone's mother, executed a contract with Plaintiff because Mr. Verdone was a minor at the time. The term of the contract was for three (3) years. On January 19, 2015, Plaintiff entered into a Mother Agent and Additional Agent Agreement with Defendant for the placement of various modeling jobs for Mr. Verdone. According to this agreement, Plaintiff was entitled to a percentage of Mr. Verdone's earnings.

Mr. Verdone never renewed his contract with Plaintiff after he reached the age of majority. Under Pennsylvania law, a contract with a minor is voidable if the minor disaffirms it at any reasonable time after the minor attains majority. *Milicic v. Basketball Mktg. Co.*, 857 A.2d 689 (Pa. Super. 2004); *Rivera v. Reading Hous. Auth*, 819 F. Supp. 1323 (E.D. Pa. 1993). There is no evidence whatsoever to suggest that Mr. Verdone ratified the contract with Plaintiff after he turned 18. Instead, he signed a modeling contract with Defendant. Defendant contends that the contract between Mr. Verdone and Plaintiff was

voided when Mr. Verdone signed a contract with Defendant after he reached the age of majority.

The Honorable Carol Sandra Moore Wells held a settlement conference on May 26, 2022. The issues addressed at the settlement conference centered around Defendant's obligations as it related to Mr. Verdone only. Plaintiff did not address the issues related to any other models. At that settlement conference, Defendant agreed to produce documentation related to modeling jobs performed by Mr. Verdone as well as Mr. Verdone's earnings. Defendant supplied the documentation on June 2, 2022. Defendant produced all documentation concerning Mr. Verdone's earnings that included 1099 tax documentation and invoices from all modeling jobs. On June 3, 2022, Judge Moore Wells conducted another settlement conference. At the settlement conference, Plaintiff's counsel advised the court that they did not have enough time to review the documents produced by Defendant. In a good faith effort to resolve this matter, Defendant offered Plaintiff a settlement figure as if Mr. Verdone maintained a valid contract with Plaintiff despite the position that Mr. Verdone voided the contract.

On that date, the court issued an order that on or before Friday, June 17, 2022, Damian Tomczak shall provide all requested invoices, 1099's and other requested evidence of monies paid or promised to Defendant on behalf of model Verdone. If no additional responsive documents exist, defendant shall so indicate and indicate efforts made to produce same. Counsel provided Mr. Tomczak with the court's June 3, 2022 Order. Mr. Tomczak reviewed the court's order and advised counsel that there are no additional documents responsive to Plaintiff's requests. Defense counsel advised Plaintiff's counsel of this, but this representation did not satisfy Plaintiff. Plaintiff had the opportunity to depose Mr. Verdone, Mr. Tomczak, or any other VNY personnel to inquire if there are additional documents responsive to their requests. However, to date counsel has not taken any depositions.

In an effort to resolve this matter and in accordance with this Court's June 3, 2022 Order, Defendant produced all documentation concerning Mr. Verdone's earnings that included 1099 tax documentation and invoices from all modeling jobs. There are no

additional documents to support Mr. Verdone's earnings that Defendant can produce. Moreover, Defendant produced answers to Plaintiff's written discovery requests.

## II. LEGAL ARGUMENT

Rule 37 allows a court to impose sanctions for violations of its discovery orders. Fed. R. Civ. P. 37. The purpose of Rule 37 sanctions is to: (1) ensure that a party will not benefit from its own failure to comply, (2) serve as a specific deterrent . . ., and obtain compliance with a particular Order issued, and (3) serve as a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Stream Cos. V. Windward Adver.*, 2013 U.S. Dist. LEXIS 100319 (E.D. Pa. 2013). A court has broad authority to issue sanctions for failure to comply with discovery Orders. However, the broad discretion to impose sanctions pursuant to Rule 37 is limited by the requirements that the sanctions be "just" and that they be "specifically related the particular claim which was at issue in the Order to provide discovery." *Id.* Under Fed. R. Civ. P. 37, an attorney may only be sanctioned for personally violating a discovery order or for advising a client to do so. *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180 (3d. Cir. 2003).

Here, Defendant complied with the June 3, 2022 discovery order regarding the documentation regarding Mr. Verdone. There is nothing to suggest bad faith or willful violation of this court's discovery order. Furthermore, Plaintiff had the opportunity to question via deposition Mr. Verdone, Lori Verdone, or any other VNY personnel concerning his earnings from modeling jobs, but has not done so. Defendant produced documentation concerning Mr. Verdone's earnings as directed in the court Order. The only evidence that will determine the value of any commissions purportedly owed to Plaintiff to support the breach of contract claim is documentation regarding Mr. Verdone's earnings. This was provided to Plaintiff. Based upon these circumstances, Plaintiff's request for sanctions should be denied.

Further, Defendant served formal responses to Plaintiff's Interrogatories and Request for Production of Documents. Many of the responses to the Request for Production of Documents are related to the extensive production related to Mr. Verdone. It

must be noted that all settlement discussions revolved around the earnings of Mr. Verdone. No settlement discussions involved other models. In a good faith effort to resolve this matter, Defendant offered Plaintiff a settlement figure as if Mr. Verdone maintained a valid contract with Plaintiff despite Defendant's position that Mr. Verdone voided the contract.

Finally, Defendant has no objection to Plaintiff's request to extend the applicable discovery and motion deadlines.

**III.     CONCLUSION**

For the foregoing reasons, Defendant, VNY Model Management, Inc. respectfully requests that this Honorable Court issue an order granting Plaintiff's request that the deadline for all fact discovery shall be extended to September 13, 2022; and that the deadline for dispositive motions shall be extended to September 30, 2022. Defendant respectfully requests that this Honorable Court deny the remaining aspects of Plaintiff's Motion.

Respectfully Submitted,

MULLANEY & MULLANEY, LLC

By: __/s/ Gerald J. Mullaney, Jr.__
Gerald J. Mullaney, Jr., Esquire
Attorney for Defendant,
VNY Model Management, Inc.

Gerald J. Mullaney, Jr., Esquire
Attorney I.D. No. 58161
MULLANEY & MULLANEY, LLC
3881 Skippack Pike
P.O. Box 1368
Skippack, PA  19474-1368
Telephone (610) 584-4416
Facsimile (610) 584-9856
mullaneyg@mullaneylaw.com

Dated:  7/27/2022